**Ru Qing ZHENG, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Alberto R. Gonzales,[1] Respondents.**

**No. 04–4667–AG NAC.**

United States Court of Appeals, Second Circuit.

Dec. 21, 2005.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

---

Bruno Joseph Bembi, Hempstead, New York, for Appellant.

Patrick J Fitzgerald, United States Attorney for the Northern District of Illinois, Edmond Chang, Daniel M. Tardiff, Carole J. Ryczek, Assistant United States Attorneys, Chicago, Illinois, for Appellee.

PRESENT: Hon. JON O. NEWMAN, Hon. DENNIS JACOBS, and Hon. JOSÉ A. CABRANES, Circuit Judges.

## SUMMARY ORDER

Ru Qing Zheng, through counsel, petitions for review of a Board of Immigration Appeals ("BIA") opinion affirming an Immigration Judge's ("IJ") denial of her application for asylum, withholding of removal and relief under the Article 3 of the Convention Against Torture. We assume the parties' familiarity with the underlying procedural history and facts.

Where, as here, the BIA affirms the IJ's decision without opinion, we review the IJ's decision directly. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary ...."); *see also Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005) ("Our review of the IJ's credibility finding is highly deferential."); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004) ("[W]e will not disturb a factual finding if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole.") (internal quotation marks omitted).

■ Here, the IJ properly found that Zheng had experienced no past persecution. This determination is substantially supported by the record. Other than the fine her family paid for violating the one-child policy, Zheng testified that she had never had any contact with the family planning authorities. We do not reach Zheng's argument that she is eligible for spousal relief under 8 U.S.C. § 1101(a)(42) because she did not exhaust the issue before the BIA.

■ The IJ also properly found that Zheng did not have a well-founded fear of persecution. The IJ based her determination on Zheng's testimony, finding that (1) she had relocated for ten years in Hubei Province without being pursued by the family planning officials, (2) the government had never sterilized Zheng's husband, and her explanation as to why they had not was unconvincing, (3) the Chinese

government allowed each of Zheng's family members to register in 1999 despite their violation of the family planning policy and (4) the family planning authorities punished the couple with a fine only many years after the birth of their second child.

We agree that if the Chinese national government was willing to issue Zheng a valid household registration despite her violation of the family planning policy, Zheng has not shown a reasonable likelihood of persecution from the national government. Moreover, if the local family planning authorities of Hubei Province have no connection to authorities in Fujian Province, as Zheng contends, she has likewise not shown a reasonable likelihood of persecution from the local government of her relocated destination.

Additionally, the IJ properly found that the large time delay in the government's actions against Zheng indicated that the family planning authorities were not targeting her for persecution. To support this conclusion, the IJ noted that Zheng's husband was approached for sterilization in 1996, three years after the birth of their second child. However, he was never sterilized and the authorities did not approach him again for sterilization. The IJ also noted that the fine levied against the family was not issued until 2002. The IJ's finding that Zheng lacked a well-founded fear of persecution is substantially supported by the record, and a reasonable adjudicator would not be compelled to find otherwise.

Finally, the IJ correctly found that because Zheng had failed to meet the lower burden of asylum she also failed to meet the burden of withholding of removal. Additionally, the IJ reasonably found that Zheng had presented no facts that lead to a determination that it was more likely than not that she would be tortured if she returned to China.

For the foregoing reasons, Zheng's petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1)